# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ISAAC V. RAMSEY,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1011** (BOR Appeal No. 2045423)
              (Claim No. 2008032405)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**AMERICAN NATIONAL RUBBER COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Isaac V. Ramsey, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American National Rubber Company, by Gary Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2011, in which the Board affirmed a November 29, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 5, 2010, decision denying Mr. Ramsey's request for additional chiropractic care. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Ramsey worked for American National Rubber Company. On February 22, 2008, he sustained a neck strain, shoulder strain, lumbar strain, and knee injury while at work. On February 5, 2010, the claims administrator denied Mr. Ramsey's request for additional chiropractic care because it exceeded the guidelines of West Virginia Code of State Rules § 85-20 (2006).

The Office of Judges held that the preponderance of the evidence did not establish that Mr. Ramsey has an extraordinary case that allows his treatment to exceed the guidelines of West Virginia Code of State Rules § 85-20 (2006). On appeal, Mr. Ramsey disagrees and asserts that he has shown by reliable medical evidence, as well as his own testimony, that chiropractic care is reasonable treatment for his compensable injuries. He also argues that the chiropractic limitations contained in West Virginia Code of State Rules § 85-20-46.8 (2006) do not supersede West Virginia Code § 23-4-3(a)(1) (2005) that only requires medical treatment be reasonably required to treat a compensable injury. American National Rubber Company maintains that the additional chiropractic care is not authorized under West Virginia Code of State Rules §§ 85-20-46.7 and 46.8 (2006) because Mr. Ramsey has been deemed to have reached medical maximum improvement and failed to qualify for additional treatment as a flare-up since he has not returned to work. On September 1, 2009, Dr. Guberman concluded that Mr. Ramsey had reached medical maximum improvement. However, Dr. Young submitted a report dated July 5, 2010, and based on his examination of Mr. Ramsey on November 5, 2009, he indicated chiropractic care should be authorized and Mr. Ramsey's condition is related to his work injury. The StreetSelect Grievance Board concluded that Mr. Ramsey's treatment had obviously exceeded the physical medicine treatment guidelines for sprain/strain injuries and that Mr. Ramsey is not entitled to additional chiropractic care for flare-ups as provided in West Virginia Code of State Rules § 85-20-46.7 (2006) because he has not returned to work.

The Office of Judges found that Dr. Young's statement was not sufficient to allow Mr. Ramsey to exceed the guidelines in relation to chiropractic care. The Office of Judges noted that Mr. Ramsey was found to have preexisting degenerative changes based upon an MRI performed on June 25, 2009. The Office of Judges noted that Dr. Guberman found Mr. Ramsey to have reached maximum medical improvement. The Office of Judges affirmed the claims administrator's decision. The Board of Review reached the same reasoned conclusions in its decision of June 7, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **March 27, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II